**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Burgoyne, | No. CV-23-02370-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| General Mills Incorporated, et al., | |
| Defendants. | |

Pending before the Court is a discovery dispute of the parties. (Doc. 55). The dispute centers around the timing of Plaintiff's responses to Defendant's interrogatories.[1] Generally, Plaintiff claims that Defendants' contention interrogatories are "premature," and that Plaintiff should not be required to answer until his expert disclosures are due. (*Id*.) Defendants claim that Plaintiff must provide all facts that underlie his claims now, without objection to Plaintiff supplementing later with more information. (*Id*.).

Preliminarily, the Court notes that fact discovery and expert discovery are bifurcated in this case. (Doc. 41). Fact discovery closes October 25, 2024, and the first expert disclosures are due November 22, 2024. (*Id*.). Further, this Court ordered that "All supplements are due by the fact discovery deadline." (Doc. 47 at 3). Thus, Plaintiff's argument that he can delay answering discovery until the expert disclosure deadline is foreclosed by the deadlines already in place in this case.

---

[1] For context a short summary of the allegations in this case follows. Plaintiff claims that a soup can manufactured by Defendant Silgan and consumed by Plaintiff was tainted with botulism. Plaintiff claims injuries as a result.

At issue are Defendants' interrogatories 10, 13, 14, 15, and 16 and Defendants' requests for production 16, 24 and 29. (Doc. 55). They request:

Int. No. 10 asks Plaintiff to identify all facts and details relating to his contention that the manufacturing of the can by Silgan was the proximate cause of his injuries.

Int. No. 13 asks Plaintiff to identify each manufacturing defect that Plaintiff contends existed, and all facts, evidence, and witnesses upon which he relies to support the contention.

Int. No. 14 asks Plaintiff to identify the alleged design defect in the Soup packaging and all facts, evidence, and witnesses upon which he relies to support the contention.

Int. No. 15 asks Plaintiff to identify the alleged inadequate warning accompanying Soup packaging and all facts, evidence, and witnesses upon which he relies to support the contention.

Int. No. 16 asks Plaintiff to identify the warranty or warranties that he contends were breached by Silgan and all Persons and Documents that support this contention.

RFP No. 16 requests documents evidencing Silgan's alleged express warranties made to Plaintiff, as alleged in Paragraph 51 of the Complaint.

RFP No. 24 requests documents that Plaintiff contends constitutes admission of wrongdoing or proof of liability by any Defendant.

RFP No. 29 requests documents relating to Plaintiff's theory on how the botulism was introduced into the can.

First, the Court finds that Interrogatories 15 and 16 and Requests for Production 16 and 24 all relate to legal theories or evidence that should be in Plaintiff's possession. Therefore, Plaintiff's objection to answering these 4 requests now is overruled.

Next, the Court finds that Interrogatory 10 asks for information about how Plaintiff came to believe the soup can caused his injuries. The Court agrees with Defendants that in choosing to bring this lawsuit, Plaintiff must have had some good faith belief that this particular soup can contained the alleged contaminate. While Plaintiff may later supplement with expert reports on causation, the facts of what Plaintiff experienced and

why Plaintiff attributes it to the soup can are known now, and in Plaintiff's possession. Therefore, Plaintiff's objection to answering Interrogatory 10 now is overruled.

Finally, the remaining requests (Interrogatories 13 and 14 and Request for Production 29) relate to information that may be in the possession of Plaintiff, or Defendant, or partially both. Further, some elaboration on these topics may be provided by expert opinion. However, the *facts* that underlie Plaintiff's claims cannot come solely in the form of expert opinions. Therefore, Plaintiff will be required to answer each of these to the best of his ability now, and supplement as necessary when he receives discovery from Defendants which he believes is relevant to support these contentions.[2] While Plaintiff's expert reports may tie together these facts to support his contentions, they cannot introduce new facts for the first time. Plaintiff's objections that these requests are premature and that he will have to re-disclose to Defendants documents Defendants disclose to him are overruled.

Accordingly,

**IT IS ORDERED** that the discovery dispute at Doc. 55 is resolved as follows: Plaintiff's objections to responding now are overruled. Plaintiff's full responses (subject to future supplementation) are due within 7 days of this Order.

Dated this 18th day of June, 2024.

_____
James A. Teilborg
Senior United States District Judge

---

[2] "…a party must serve supplemental responses in a timely manner, **but in any event no later than 30 days after the information is discovered by or revealed to the party.**" Doc. 47 at 3.